968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John JUDE, Jr., Harold Jude, John Edward Jude and Harold D.
Jude, Plaintiffs-Appellants,
v.
INEZ DEPOSIT BANK, Defendant-Appellee.
 No. 91-6167.
 United States Court of Appeals, Sixth Circuit.
 July 7, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 This case involves the defendant Inez Deposit Bank's ("Bank") alleged wrongful withholding of depositor's funds. The plaintiffs, John Jude, Jr., Harold Jude, John Edward Jude, and Harold D. Jude, (collectively referred to herein as the "Judes") appeal from the district court's order granting summary judgment in favor of the Bank. For the reasons stated herein, we AFFIRM.
 
 I.
 
 2
 Plaintiffs-appellants are the sons and grandsons of one John Harold Jude, Sr. John Jude, Sr. and Pricie June Jude were married for some 37 years. During their marriage, they sold their marital residence to a coal mining company. John Jude, Sr. deposited the proceeds of that sale in several passbook savings accounts and certificates of deposit at the Inez Deposit Bank. Each of the accounts named John Jude, Sr. and one or more of his sons or grandsons, plaintiffs-appellants herein, as joint tenants or survivors. Thereafter, sometime in 1986, Pricie June Jude sued for divorce in the Martin Circuit Court (Div. I) (Docket No. 86-CI-153).[1]
 
 
 3
 During the pendency of the divorce action, the Martin Circuit Court issued an order enjoining all activity in accounts held in the name of John Jude, Sr. at the Inez Deposit Bank. Jude v. Jude, No. 86-CI-153 (Martin Circuit Court, Div. I, June 6, 1986) (Jt.App. at 42). The Martin Circuit Court ultimately determined that the funds in the various accounts established by Mr. Jude constituted marital property. Jude v. Jude, No. 86-CI-153 (Martin Cir.Ct., Div. I, August 24, 1987) (Jt.App. at 43). The circuit court ordered the Inez Deposit Bank to divide the monies on deposit in the savings accounts and certificates of deposit, and pay one-half to John H. Jude, Sr. and one-half to Pricie June Jude. Jude v. Jude, No. 86-CI-153 (Martin Cir.Ct., Div. I, October 21, 1987) (Jt.App. at 46). The circuit court, by supplemental order, specifically identified four certificates of deposit issued by the Inez Deposit Bank and ordered the Bank to issue payment in the amount of $54,425.00 each to John Jude, Sr. and Pricie Jude. Jude v. Jude, No. 86-CI-153 (Martin Cir.Ct., Div. I, April 28, 1988 and May 10, 1988) (Jt.App. at 47-49).
 
 
 4
 On May 11, 1988, the Inez Deposit Bank issued a cashier's check in the amount of $54,911.95 made payable to "John Jude, Sr. and Ran Porter, his attorney." (Jt.App. at 50-51). John Jude, Sr. passed away on August 8, 1989. The check was not negotiated prior to his death, and is alleged to be in the possession of John Jude, Jr., who has allegedly refused to turn it over to his father's estate.
 
 
 5
 Likewise, a check in the amount of $54,911.95 was issued, and apparently paid to Pricie Jude. In addition, the funds remaining in the accounts after Mr. Jude's death were paid to the Judes upon presentation of lost passbook forms. (Dep. of John Edward Jude, Jt.App. at 92-99; Dep. of Harold D. Jude, Jt.App. at 182-185.)
 
 
 6
 Prior to his death, John H. Jude, Sr. sought an amendment to the circuit court's findings of fact and conclusions of law in the divorce action. (Jt.App. at 311). The motion was denied as untimely. Jude v. Jude, No. 86-CI-153 (Martin Cir.Ct., Div. I, December 21, 1987) (Jt.App at 310). The Court of Appeals for the Commonwealth of Kentucky affirmed the decision of the circuit court by Order dated August 18, 1989. Jude v. Jude, No. 88-CA-000134-S (Ky.Ct.App., August 18, 1989) (Jt.App. at 52). The Supreme Court of Kentucky denied a motion for discretionary review on November 22, 1989. Jude v. Jude, No. 89-SC-658-D (Ky., November 22, 1989) (Jt.App. at 55).
 
 
 7
 On January 7, 1991, the instant suit was filed, alleging that the defendant-appellee Inez Deposit Bank wrongfully refused to honor savings passbooks and certificates of deposit upon presentation for payment by the plaintiffs. At the close of discovery, on July 25, 1991, defendant Inez Deposit Bank moved for summary judgment, pursuant to Fed.R.Civ.Proc. 56. On August 13, 1991, the district court granted summary judgment in favor of the defendant because the plaintiffs had not responded to the defendant's motion, pursuant to Local Rule 6(b)(1)(A). Jude v. Inez Dep. Bank, No. 91-07 (E.D.Ky. August 13, 1991) (Jt.App. at 66). The Judes' motion to vacate the order of summary judgment was denied on September 5, 1991. (Jude v. Inez Dep. Bank, No. 91-07 (E.D.Ky. September 5, 1991). This appeal followed.
 
 
 8
 The Judes present three issues in this appeal: 1) whether the trial court erred in granting summary judgment to the defendant; 2) whether the trial court abused its discretion in granting summary judgment to the defendant; and 3) whether, in light of the motivation and fraud issues set out in the complaint and pleadings, the trial court abused its discretion in granting summary judgment to the defendant Bank.
 
 II.
 
 9
 The standard for deciding a motion for summary judgment is well-established. Review of the grant or denial of summary judgment by this Court is governed by the same standard. Hines v. Joy Mfg. Co., 850 F.2d 1146, 1149 (6th Cir.1988). Pursuant to Fed.R.Civ.Proc. 56(c) a motion for summary judgment is to be granted only if the evidence indicates that no genuine issue of material fact exists. In order to avoid summary judgment, the opposing party must have set out sufficient evidence in the record to allow a reasonable jury to find for him at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electric Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). The sufficiency of the evidence is to be tested against the substantive standard of proof that would control at trial. Anderson, 477 U.S. at 248. The moving party has the burden of showing that there is an absence of evidence to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. In disposing of a motion for summary judgment, the court must consider the evidence in the light most favorable to the non-moving party, but may weigh competing inferences for their persuasiveness. Matsushita, 475 U.S. at 587-88. This Court's review is limited to consideration of those materials that were before the trial court when it granted summary judgment to the defendant-appellee.
 
 1.
 
 10
 The Bank filed a properly supported motion for summary judgment after the completion of discovery. The Bank declared that its disbursal of monies held in the subject accounts was decreed by a Kentucky Circuit Court, in connection with the underlying divorce case, and that it is not liable to the plaintiffs for the funds so disbursed. The Bank further maintained that it was in possession of no additional monies belonging to John Jude, Sr. or any of the instant plaintiffs. The motion was supported by ten exhibits, including copies of the relevant Kentucky Circuit Court orders, the cashier's check issued to John Jude, Sr., and a lost pass book affidavit signed by Harold Jude, Jr. Defendant also relied on the deposition testimony of several of the plaintiffs. (Jt.App. at 28-59). The district court issued a summary order granting defendant's motion for summary judgment because plaintiffs failed to respond to the defendant's motion, pursuant to Local Rule 6(b)(1)(A).[2] (Jude v. Inez Dep. Bank, No. 91-07 (E.D.Ky. August 13, 1991) (Jt.App. at 66).
 
 
 11
 The Judes insist that the district court erred in granting summary judgment because issues of fact sufficient to preclude summary judgment exist, although they nowhere identify any particular issues of fact. The Judes further assert that issues of material fact were introduced via their deposition testimony and that their Status Report, filed February 5, 1991, "most certainly" introduced jury trial issues. In addition, appellants place considerable emphasis on the fact that the trial court set dates for a final pretrial conference and trial, as well as on the trial court's grant of summary judgment without oral argument.
 
 
 12
 Review of the plaintiffs-appellants' deposition testimony leads to the conclusion that the Judes were each aware, prior to commencement of this suit, of the divorce action in the Kentucky Circuit Court, and knew that the monies in the subject accounts were adjudicated marital property and distributed in the John Jude, Sr. and Pricie June Jude divorce. Each of the Judes testified to his awareness that the defendant Bank acted pursuant to court order, and acknowledged that Attorney Porter had reviewed the relevant orders with them. Furthermore, several of the plaintiffs-appellants described their efforts, successful in those instances where funds remained in the accounts, to obtain payment by presenting affidavits averring that pass books had been lost. The deposition testimony manifests the plaintiffs' dissatisfaction with the property distribution mandated by the Circuit Court, but presents no readily discernible issues of fact. (Depositions of John E. Jude, Harold D. Jude, and John Jude, Jr., Jt.App. at 68-321).
 
 
 13
 Similarly, review of the Plaintiffs' Status Report fails to reveal a material issue of fact. Indeed, perusal of that document reveals that it is one page long, and the only reference to factual issues that can be culled is the statement that: "[t]he probable length of trial will be (3) days and I do believe there will be issues to submit to a jury." (Jt.App. at 13). The document provides no basis for denial of defendant's motion for summary judgment.
 
 
 14
 The Judes argue the existence of factual issues based on the trial court's administrative processes. The assignment of benchmark dates is a widely practiced exercise in docket control, yet is completely unrelated to the circumstances of a particular case. Specifically, the assignment of cut-off dates for discovery, for filing of dispositive motions, for pretrial conferences and even of a trial date is completely irrelevant to anything at issue in the instant appeal. Contrary to the Judes' contention, these administrative procedures certainly do not establish the existence of a genuine issue of material fact sufficient to survive defendant's motion for summary judgment.
 
 
 15
 Review of the materials presented to the trial court affirms that court's conclusion that no genuine issues of material fact existed. The Bank provided documentary evidence that it acted in compliance with certain court orders, and the Judes have provided no evidence, admissible or otherwise, that the Bank wrongfully withheld any funds payable to them. Plaintiffs-appellants' general dissatisfaction with the property distribution decreed by the state circuit court does not constitute a genuine issue of material fact. The Judes failed to come forward with any evidence to support the claims set forth in their complaint. The trial court did not err in granting defendant summary judgment where no genuine issue of fact can be established and no legal ground for denying summary judgment in the defendant's favor has been identified.
 
 2.
 
 16
 Appellants also seek reversal for abuse of discretion, surmising that the trial court may have granted summary judgment as a sanction for plaintiffs-appellants' failure to respond to defendant's motion within the fifteen day period set forth in the Local Rules. Appellants emphasize that judgment was granted without a hearing.
 
 
 17
 The Judes do not contend that they were not provided proper notice of the motion, nor do they allege any defect in service of the motion. Furthermore, appellants do not indicate that they sought an extension of time in which to respond. The only explanation offered by appellants for their failure to respond to the defendant's motion for summary judgment is an allegation of difficulty in obtaining a transcript of the bank president's deposition testimony.[3] The court is expressly authorized, pursuant to L.R. 6(b)(1)(A), to grant motions when the opposing party fails to respond.
 
 
 18
 The trial court is not required to provide a record of its findings of fact or conclusions of law in deciding a motion for summary judgment. This Court must affirm the decision of the trial court if the record supports the grant of summary judgment. The record on which summary judgment was granted in this case was, and remains, devoid of factual issues. In addition, in the absence of any opposition to the Bank's motion, the trial court was within its discretion in granting summary judgment.
 
 3.
 
 19
 Appellants also contend that, "in light of the motivation and fraud issues set out in the complaint and pleadings," the court abused its discretion in granting defendant Bank summary judgment. Plaintiffs' complaint nowhere alleges fraud. (Jt.App. at 6-7). Accordingly, plaintiffs failed to plead fraud with the degree of specificity required by Fed.R.Civ.Proc. 9(b).
 
 
 20
 In addition, the evidence fails to establish the existence of a genuine issue of material fact regarding the plaintiffs' allegations of fraud, and summary judgment on this issue was properly granted as a matter of law.[4]
 
 4.
 
 21
 Near the end of their discombobulated brief, appellants finally identify what they consider to be the crux of this case:
 
 
 22
 The central issue in this case is the fact that the Plaintiffs-Appellants were never parties to the divorce action between the Plaintiffs-Appellants' father, John H. Jude, Sr. and the grandmother and client of the Defendant-Appellee's Attorney and Board Member, Leo A. Marcum.
 
 
 23
 Appellants' brief at 4-5. For reasons too obvious to merit discussion, the plaintiffs could not be parties to a divorce action between their parents or grandparents; no legal remedy exists for this grievance.
 
 
 24
 The appellants' chief concern, more clearly expressed by counsel at oral argument, can be gleaned from careful review of the plaintiffs' depositions. Plaintiffs each articulate the belief that they enjoyed a property interest, or right of ownership in the subject bank accounts by virtue of the fact that they were named as joint tenants or survivors on the accounts. As a result, they believe that the state court's treatment of the funds contained in those accounts as marital property, and its division of those monies between John Jude, Sr. and Pricie Jude without prior notice to them, was wrong. See, e.g., Jt.App. at 103-04, Deposition of John Edward Jude.
 
 
 25
 Assuming that the actual complaint the Judes seek to assert is the circuit court's unconstitutional deprivation of a property interest without due process, summary judgment was properly granted. Appellants' assertions are consistent with the state circuit court's treatment of the accounts--as joint tenants or named survivors any interest they may have had in the accounts was defeased by the court-ordered withdrawal of the funds from the accounts.[5] Furthermore, the Bank is not liable, i.e., is not the proper party defendant, if the Judes' complaint is the state circuit court's failure to afford due process.
 
 III. CONCLUSION
 
 26
 The trial court did not err and acted within the scope of its discretion in granting summary judgment to defendant-appellee Inez Deposit Bank where plaintiffs-appellants failed to respond to defendant-appellee's properly supported motion, which established the absence of evidence to support plaintiffs-appellants' claims. For the foregoing reasons, the decision of the district court should be AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 At the time the divorce decree was entered, Pricie June Jude was 86 years old; John Harold Jude, Sr. was 88
 
 
 [2]
 L.R. 6(b)(1)(A) (E.D.Ky.) provides:
 Time for Filing Responses and Replies. (1) Civil Actions. (A) Opposing Memorandum. An opposing memorandum must be filed within fifteen (15) days from the date of service of the motion which may be extended for no more than thirty (30) additional days by written stipulation filed with the Court unless the stipulation would extend the time beyond a deadline established by the Court. Failure to file an opposing memorandum may be grounds for granting the motion.
 
 
 [3]
 Plaintiffs intimate that the court reporter was conspiring against them. The record suggests, however, that the transcript was not timely delivered because the court reporter had not received payment
 
 
 [4]
 The Judes' present assertions of fraud refer to the undisputed fact that Pricie June's grandson, Attorney Leo Marcum, represented her in the divorce action while concurrently serving as counsel for defendant Inez Deposit Bank and as a member of the Board of Directors of the Bank. Attorney Marcum's role is not, in and of itself, indicative of fraud. Appellants point to no other evidence to support their allegation. The Bank asserts that it gained nothing from complying with the orders of the Circuit Court
 
 
 [5]
 The accounts are referred to in the record as "Totten trusts." The primary characteristic of such accounts is the right of either joint tenant to defease the others interest by withdrawing the funds